NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

───────────────

**FISHER & PAYKEL HEALTHCARE LIMITED,**
*Appellant*

**v.**

**RESMED LIMITED,**
*Appellee*

───────────────

2018-2262

───────────────

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2017-00504.

───────────────

**ON MOTION**

───────────────

PER CURIAM.

### O R D E R

Appellee ResMed Limited ("ResMed") moves to dismiss this appeal for lack of subject matter jurisdiction. Specifically, ResMed argues that appellant Fisher & Paykel Healthcare Limited ("Fisher") lacks standing to maintain this appeal from an *inter partes* review ("IPR") decision of the United States Patent and Trademark Office Patent

Trial and Appeal Board ("the Board"). For the reasons set forth below, ResMed's motion is granted.

ResMed owns U.S. Patent 9,027,556 ("'556 patent"), which is directed to masks that can be used for treatment of sleep disordered breathing. '556 patent col. 1 l. 16–19. In 2016, ResMed sued Fisher for patent infringement. Fisher petitioned for IPR, and the Board determined that Fisher had failed to demonstrate that any claims of the '556 patent are unpatentable. Fisher then appealed the Board's decision to this court. After Fisher filed its notice of appeal, the parties settled the underlying litigation, and ResMed subsequently filed a motion to dismiss the appeal, arguing that Fisher lacks standing.

Article III of the Constitution limits its grant of the judicial power to "Cases" or "Controversies." U.S. Const., art. III, § 2. While a party need not have Article III standing to file an IPR petition and obtain a decision from the Board, *see Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2143–44 (2016), a party that appeals to this court from a decision of the Board must have standing under Article III for this court to consider the merits of the case. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) ("The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.").

The appellant bears the burden of establishing standing. *See Phigenix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168, 1171 (Fed. Cir. 2017). In appeals from decisions of the Board, an appellant that is not facing a suit for infringement or immediate threat of suit for infringement may nonetheless have standing to appeal a decision if it is currently using claimed features of a patent or nonspeculatively planning to do so. *See AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357, 1365 (Fed. Cir. 2019) (citing *E.I. DuPont de Nemours & Co. v. Synvina C.V.*, 904

F.3d 996, 1005 (Fed. Cir. 2019)).  However, such plans must create a "substantial risk of future infringement" or be likely to "cause the patentee to assert a claim of infringement."  *JTEKT Corp. v. GKN Automotive Ltd.*, 898 F.3d 1217, 1221 (Fed. Cir. 2018).

Here, Fisher has not met this standard.  In supplemental filings, Fisher has asserted that it continues to develop products that ResMed may at some future date allege infringe claims of the '556 patent.  However, Fisher has not provided any, let alone sufficient, detail regarding features of its future products to enable us to determine that its activities create a substantial risk of future infringement of the '556 patent.  Absent such a showing, Fisher cannot establish standing to maintain this appeal, and this court lacks authority to consider the merits.  Therefore, the appeal must be dismissed.

IT IS ORDERED THAT:

ResMed's motion to dismiss the appeal is granted.  The oral argument is therefore cancelled.

FOR THE COURT

| November 27, 2019 | /s/ Peter R. Marksteiner |
| Date | Peter R. Marksteiner |
| | Clerk of Court |

ISSUED AS A MANDATE: November 27, 2019